UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC WATERMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>PROSIGHT GLOBAL, INC., STEVEN CARLSEN, LARRY HANNON, ANTHONY ARNOLD, ERIC LEATHERS, RICHARD P. SCHIFTER, CLEMENT S. DWYER, JR., OTHA T. SPRIGGS, III, SHEILA HOODA, and ANNE WALESKI,<br><br>            Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 15, 2021 (the "Proposed Transaction"), pursuant to which ProSight Global, Inc. ("ProSight" or the "Company") will be acquired by affiliates of TowerBrook Capital Partners L.P. and Further Global Capital Management.

2. On January 14, 2021, ProSight's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Pedal Parent Inc. ("Parent") and Pedal Merger Sub, Inc. ("Merger Sub," and together with Parent, "Pedal"). Pursuant to the terms of the Merger Agreement, ProSight's stockholders will receive $12.85 in cash for each share of ProSight common stock they own.

3. On March 4, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ProSight common stock.

9. Defendant ProSight is a Delaware corporation and maintains its principal executive offices at 412 Mt. Kemble Avenue, Suite 300, Morristown, New Jersey 07960. ProSight's common stock is traded on the New York Stock Exchange under the ticker symbol "PROS."

10. Defendant Steven Carlsen is Chairman of the Board of the Company.

11. Defendant Larry Hannon is Co-Founder, Chief Executive Officer, and a director of the Company.

12. Defendant Anthony Arnold is a director of the Company.

13. Defendant Eric Leathers ("Leathers") is a director of the Company. Leathers is also a partner of Further Global Capital Management.

14. Defendant Richard P. Schifter is a director of the Company.

15. Defendant Clement S. Dwyer, Jr. is a director of the Company.

16. Defendant Otha T. Spriggs, III is a director of the Company.

17. Defendant Sheila Hooda is a director of the Company.

18. Defendant Anne Waleski is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. ProSight is an innovative property and casualty insurance company that designs insurance solutions to help customers improve their business and realize value from their insurance purchasing decision.

21. The Company focuses on select niche industries, deploying differentiated underwriting and claims expertise with the goal of enhancing each customer's operating performance.

22. On January 14, 2021, ProSight's Board caused the Company to enter into the Merger Agreement with Pedal.

23. Pursuant to the terms of the Merger Agreement, ProSight's stockholders will receive $12.85 in cash for each share of ProSight common stock they own.

24. According to the press release announcing the Proposed Transaction:

TowerBrook Capital Partners L.P. ("TowerBrook"), an international investment management firm, and Further Global Capital Management ("Further Global"), a private equity firm focused on the financial services industry, today announced the signing of a definitive merger agreement, under which affiliates of TowerBrook and Further Global will acquire all outstanding shares of common stock of ProSight Global, Inc. (NYSE: PROS) ("ProSight" or "the Company"), a domestic specialty insurance company, in an all-cash transaction valued at approximately $586,000,000.

Under the terms of the agreement, ProSight stockholders will receive $12.85 per share of common stock, which represents a 42% premium to the closing share price as on September 23, 2020, the last trading day prior to media reports about a possible acquisition by TowerBrook. TowerBrook will acquire a majority stake in ProSight, with Further Global serving as a key minority co-investor.

The merger agreement was recommended by a special committee of the ProSight Board of Directors and was then approved by ProSight's full Board. The acquisition is expected to close in the third quarter of 2021 and is subject to customary closing conditions, including the receipt of required regulatory approvals, and the completion of a reinsurance transaction with Enstar that will serve to reposition ProSight's capital in support of future growth. Affiliates of the Merchant Banking business of Goldman Sachs and TPG Global, LLC have executed a written consent to approve the transaction, thereby providing the required stockholder approval for the transaction. No further action by other ProSight stockholders is required to approve the transaction. . . .

Ropes & Gray LLP and Sullivan & Cromwell LLP are serving as legal advisors to ProSight, and Barclays Capital Inc. and Goldman Sachs & Co. LLC are serving as financial advisors to ProSight. Sidley Austin LLP is serving as legal advisor to TowerBrook and Further Global, Kirkland and Ellis also advised Further Global, and Piper Sandler & Co. is serving as financial advisor to TowerBrook. Truist Securities, Inc. is acting as lead arranger on financing for the transaction. Guy Carpenter & Company, LLC is advising ProSight with respect to the reinsurance transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

25. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Proxy Statement omits material information.

27. The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Barclays Capital Inc. ("Barclays").

28. With respect to Barclays' Selected Comparable Company Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

29. With respect to Barclays' Selected Precedent Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

30. With respect to Barclays' Present Value of Future Stock Price Analysis and Present Value of Future Stock Price Sensitivity Analysis, the Proxy Statement fails to disclose: (i) the estimated year-end tangible book values used in the analyses; and (ii) the individual inputs and assumptions underlying the discount rate range used in the analysis.

31. With respect to Barclays' Discounted Cash Flow Analysis and Discounted Cash Flow Sensitivity Analysis, the Proxy Statement fails to disclose: (i) the projected hypothetical distributions of capital in excess of minimum target capital levels used in the analysis; (ii) the estimated year-end tangible book value; (iii) the individual inputs and assumptions underlying the discount rate range used in the analysis; and (iv) the fully diluted number of shares of Company common stock.

32. With respect to Barclays' Equity Analyst Target Prices Analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34. Second, the Proxy Statement fails to disclose material information regarding Barclays and the Company's additional financial advisor, Goldman Sachs & Co. LLC ("Goldman").

35. The Proxy Statement fails to disclose the amount of compensation Barclays has received, or expects to receive, from the parties to the Merger Agreement and their affiliates.

36. The Proxy Statement also fails to disclose the terms of Goldman's engagement.

37. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

38. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ProSight**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. ProSight is liable as the issuer

of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of ProSight within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of ProSight and participation in and/or awareness of the Company's operations

and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  March 15, 2021 **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*